IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE A. TRUJILLO,

       Applicant,

       v.                                                    CIVIL NO. 09-0914 JB/LAM

ERASMO BRAVO,

       Respondent.

## ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING REQUEST FOR COPIES (*Doc. 13*)

**THIS MATTER** is before the Court on Plaintiff Jose A. Trujillo's letter *To The Honorable James O. Browning and All Concerned* (*Doc. 13*), which, *inter alia*, requests for the third time appointment of counsel, and which the Court construes as a motion for appointment of counsel (hereinafter "*Plaintiff's Third Motion*").

The Court has previously denied two motions for appointment of counsel in this case. On September 30, 2009, the Court denied Mr. Trujillo's initial *Motion For Appointment of Counsel* (*Doc. 3*), finding that Mr. Trujillo appeared to understand the issues in the case and appeared to be representing himself in an intelligent and capable manner. *Order Denying Applicant's Motion for the Appointment of Counsel (***Doc. 3***)* (*Doc. 7*). On November 12, 2009, the Court denied Mr. Trujillo's second motion for appointment of counsel, which he made as part of his reply to Respondent's answer to the Petition, rather than by separate motion. *Order Denying Second Motion for Appointment of Counsel* (*Doc. 12*)*.*

*Plaintiff's Third Motion* (*Doc. 13*) requests appointment of counsel in order "to help [Mr. Trujillo] better prepare against the Attorney General and all they will be arguing against [Mr. Trujillo] . . . ." *Document 13* at 2. As already explained twice by the Court, however, there

is no constitutional right to court-appointed counsel in a civil case.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  The Court has again considered "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  This case does not appear to raise complex or novel issues of law that might justify the appointment of counsel.  Moreover, Mr. Trujillo appears to understand the issues in the case and to be representing himself in an intelligent and capable manner.  Therefore, **Plaintiff's Third Motion** (*Doc. 13*) will be **DENIED**.

Courts have inherent authority to "regulate their docket [and] promote judicial efficiency." *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).  Because Mr. Trujillo has filed multiple motions on the same issue, and because the Court's reasoning will not change at this stage of the case, the Court will direct Mr. Trujillo to refrain from filing motions for appointment of counsel unless good cause is shown and prior permission is granted by the Court.

In his letter to Judge Browning, Mr. Trujillo also requests copies of *Documents 8 and 9* for his records.  *Document 13* at 2.  The Court will **GRANT** this request.

**THEREFORE IT IS HEREBY ORDERED** that Plaintiff Trujillo's third request for appointment of counsel (*Doc. 13*) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Mr. Trujillo refrain from filing further motions for appointment of counsel unless good cause is shown and prior permission is granted by the Court.

**IT IS FURTHER ORDERED** that the Clerk's office forward copies of *Documents 8 and 9* to Mr. Trujillo.

**IT IS SO ORDERED**.

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**