# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE A. TRUJILLO,

      Applicant/Petitioner,

    v.                                    **CIVIL NO. 09-0914 JB/LAM**

ERASMO BRAVO, **Warden**, and
GARY KING, **Attorney General of the State of New Mexico**,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Jose A. Trujillo's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** (*Doc. 1*) (hereinafter "***Petition***"), filed on September 18, 2009.   In response to the ***Petition***, Respondents filed ***Respondents' Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254)*** (*Doc. 9*) (hereinafter "***Response***") on October 27, 2009.   Finally, on November 3, 2009, Mr. Trujillo filed ***Petitioner['']s, [sic] Motion, Reply and Objections*** (*Doc. 11*) (hereinafter "***Reply***").

The Honorable James O. Browning, United States District Judge, referred the claims raised in the ***Petition*** to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.   ***Order of Reference Relating to Bankruptcy Appeals, Social Security***

---

[1]   **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

***Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings*** (*Doc. 4*).   Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Trujillo's **Petition** be **DENIED** and that this case be **DISMISSED with prejudice**.

Because the issues in this case can be resolved on the record, the Court **FINDS** that an evidentiary hearing is unnecessary.  *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

### Factual and Procedural Background

In November 1997, an undercover police officer purchased cocaine from Mr. Trujillo, which led the Special Weapons and Tactics (SWAT) team to execute a search warrant on Mr. Trujillo's home on December 21, 1997.  ***Response***, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 14–15.  After announcing themselves, the team forcibly entered Mr. Trujillo's home, and one officer saw Mr. Trujillo pointing a firearm at him and pulling the trigger.  *Id.* at 16.  When the weapon did not immediately discharge, the officers rushed Mr. Trujillo and subdued him.  *Id.*  Afterward, the officers discovered that the firearm had been jammed.  *Id.*  In the home, the officers found other firearms, ammunition, illegal drugs, and drug paraphernalia, and they found $3,536 in Mr. Trujillo's wallet.  *Id.* at 16–17.

Mr. Trujillo was charged with one count of Assault With Intent To Commit a Violent Felony On A Peace Officer with the use of a firearm, eight drug counts, one count of possession of drug paraphernalia, and two counts of tampering with evidence.  ***Response***, Ex. B, *Judgment and Sentence and Order of Commitment Nunc Pro Tunc* (hereinafter "*J&S*") (*Doc. 9-2*) at 4–6.  After *voir dire*, Mr. Trujillo requested that the state trial court sever the assault charge from the other

2

charges because he wanted to testify about the assault charge without having to exercise his Fifth Amendment right to silence in front of the jury on the other charges. ***Response***, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 13–14.  He had wanted to testify that he had been previously shot in a failed assassination attempt and, because the officers were wearing all black, they looked like ninjas, he did not see their badges, and he was in fear for his life.  *Id.* at 20.  He further had wanted to testify that since he had been shot and almost killed in February of 1997, he had been living "in fear of assassination, barricaded in his home."  *Id.*  Moreover, he believed that "officials were in on the assassination plot" against him because, after being jailed on unrelated charges, he was released without reason.  *Id.*  Essentially, he had wanted to claim self-defense on the assault charge because he mistook the officers for someone trying to kill him.  The trial court denied the request to sever the charges, "saying that the decision [of whether or not to testify] was Mr. Trujillo's to make," and Mr. Trujillo ultimately chose not to testify on any count.  *Id.* at 14.

On September 1, 1999, Mr. Trujillo was convicted of the assault count, seven drug counts, and one drug paraphernalia count, and he was acquitted of the two tampering-with-evidence counts and one drug count. ***Response***, Ex. B, *J&S* (*Doc. 9-2*) at 4–7.  Mr. Trujillo was sentenced to a total of 32½ years to be served consecutively to a sentence that he was then serving in another case.[2]  *Id.* at 9-10.  Apparently, for the conviction related to this case, Mr. Trujillo's sentence was originally pronounced on September 1, 1999 but not entered until July 11, 2002.  *Id.* at 1.  Furthermore, it also appears that no timely direct appeal was filed by Petitioner's then-counsel, which was found to be presumptively ineffective assistance of counsel by the state district court judge, so on

---

[2]  The other case was Taos County No. 97-44 CR. ***Petition***, undesignated exhibit, *Judgment, Sentence and Commitment* (*Doc. 1*) at 43-48 (sentencing Mr. Trujillo on May 24, 1999 to a total term of 10 ½ years with 492 days of pre-sentence confinement credit through the date of sentencing).

October 27, 2005, the state court "reinstated" Mr. Trujillo's right to appeal his conviction and appointed him counsel for such appeal. *Id.*, undesignated exhibit, *Order Granting Writ of Habeas Corpus* (*Doc. 9-2*) at 28.

On February 7, 2007, appellate counsel filed a *Docketing Statement* explaining that the appeal had not been timely filed because trial counsel had passed away before filing the appeal. *Id.*, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 12. Mr. Trujillo raised three issues on direct appeal, which he also raises here before this Court: (1) the trial court erred in denying his motion to sever the assault count from the other counts; (2) the evidence was not sufficient to sustain his convictions, and (3) the sentencing was "fundamentally flawed." *Id.* at 22–24; *id.*, Ex. E, *Defendant-Appellant's Memorandum in Opposition to Proposed Summary Affirmance* (hereinafter "*Opposition to Proposed Summary Affirmance*") (*Doc. 9-2*) at 47–50. The New Mexico Court of Appeals rejected all three claims (*id.*, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 51-53), and the Supreme Court denied review (*id.*, Ex. H, *Order* (*Doc. 9-2*) at 67).

Mr. Trujillo then petitioned for a writ of habeas corpus in the state trial court on the ground that, "throughout the course of [Mr. Trujillo's] trial," his counsel was terminally ill and had been taking medication and, therefore, had been ineffective. **Petition**, Ex. B, *Petition for a Writ of Habeas Corpus* (hereinafter "*State Habeas Petition*") (*Doc. 1*) at 32, 37. An evidentiary hearing was held (**State Docket** D-820-CR-98-00005[3]) on June 19, 2009, and on July 14, 2009, the petition was

---

[3] All citations to **State Docket** refer to the state-court dockets available at New Mexico State Judiciary Case Lookup Application, http://www.nmcourts.com/caselookup/search.htm (last visited Dec. 23, 2009). The Court takes judicial notice of the state-court dockets for Mr. Sedillo's state criminal convictions, which are available using the New Mexico State Judiciary Case Lookup Application. *See Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006) (courts may take judicial notice of facts that are a matter of public record) (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed. Appx. 383, 391, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court may take judicial notice of docket sheet entries in related state court proceeding).

denied (*Petition*, Ex. A, *Order Denying Writ of Habeas Corpus* (*Doc. 1*) at 28).  Consequently,

Mr. Trujillo petitioned the New Mexico Supreme Court for a writ of certiorari on his habeas petition

(*Response*, Ex. M, *Petition for a Writ of Certiorari to the Eighth Judicial District Court Judge

Barbara Vigil* (*Doc. 9-3*) at 13–22), but it, too, was denied (*Petition*, undesignated exhibit, *Order*

(*Doc. 1*) at 17).

In his state court proceedings, Mr. Trujillo first asserted that the trial court erred in denying

his motion to sever the assault count from the drug counts because, without severance, he was

"denied . . . the ability to present a defense [to the assault charge] without having to resort to

invoking his Fifth Amendment rights against forced self-incrimination in front of the jury [on the

drug charges]."  *Response*, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 22.

The New Mexico Court of Appeals proposed to affirm the trial court's denial of the request

for severance because Mr. Trujillo had not stated a case for severance and was free to testify, or to

decline to testify, on any, some, or none of the counts, stating that

> [t]he charges here were not clearly distinct in time, place and
> evidence.  Rather, the evidence of the drug crimes would be
> admissible in the assault [anyway] because an explanation was
> needed for why the officers were breaking down Defendant's door.
> Insofar as Defendant is concerned about self-incrimination, simply
> because he testifies on one count does not mean that he waives his
> privilege as to other counts.  The prejudice [that Defendant asserts]
> here arises from the contrast of testifying on one count and remaining
> silent as to others.  This is not a basis for severance.

*Id.*, Ex. D, *Notice [of] Proposed Summary Disposition* (*Doc. 9-2*) at 32.  In response, Mr. Trujillo

explained that severance of charges requires a showing that he has both "important testimony" to

give on the one count and a "strong need to refrain from testifying on the other."  *Id.*, Ex. E,

*Opposition to Proposed Summary Affirmance* (*Doc. 9-2*) at 47-48 (*citing Baker v. United States*,

401 F.2d 958, 977 (D.C. Cir. 1968)).  Mr. Trujillo asserted that he met both prongs.  *Id.* at 48.  He

urged that his important testimony was that "he thought that the police raid was actually an attack by a person who had attempted to kill him earlier.  He had a strong need to not have to testify about the drugs on his person and throughout the house."  *Id.*  The Court of Appeals did not agree, holding that

> simply because Defendant wanted to present self-defense on the aggravated assault charge and did not want to testify on the drug related charges does not state a case for severance. . . . [T]he request for severance was made after voir dire after the jury had already heard about Defendant and his firearm. . . . There was a strong potential for the jury to be confused.  Further, there was nothing keeping Defendant from testifying on one count and asserting his privilege on the other counts.  While this contrast might cause some prejudice, this is not a basis for severance.

*Id.*, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 52 (citations omitted).

Second, on direct appeal, Mr. Trujillo asserted that there was insufficient evidence to sustain his "convictions."  *Id.*, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 22.  Although twice he referred to his "convictions" as lacking sufficient evidence (*Id.* at 22, 23), he identified the missing evidence only on his single assault conviction.  *Id.* at 23.  Mr. Trujillo explained that his gun had been seriously jammed, which would have required even a "master shooter 3.5 seconds" to remedy, so "the officers could not have been put in fear by a gun that was experiencing this type of jam."  *Id.*  Again, the appellate court proposed to affirm each of the convictions.  *Id.*, Ex. D, *Notice [of] Proposed Summary Disposition* (*Doc. 9-2*) at 33-35.  The Court of Appeals explained that the standard of review under New Mexico law was "whether the evidence viewed in [the light most favorable to the verdict] could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt."  *Id.* at 33 (*citing State v. Apodaca*, 118 N.M. 762, 887 P.2d 756, 760 (N.M. 1994)).  The court addressed each of Mr. Trujillo's convictions, citing to the trial evidence that supported each one.  *Id.* at 34–35.  Further, regarding

the assault conviction, the court explained that "the officers did not know of the type of malfunction [of Mr. Trujillo's firearm] until [he] was subdued and disarmed." *Id.* at 34. The court, therefore, could "not say that the officers could not have been in fear of being shot." *Id.* Mr. Trujillo presented no new response; that is, even after his second opportunity to do so with the Court of Appeals, Mr. Trujillo only addressed his assault conviction. *Id.*, Ex. E, *Opposition to Proposed Summary Affirmance* (*Doc. 9-2*) at 49. The Court of Appeals found sufficient evidence to support his aggravated assault conviction (*id.*, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 52), and the Supreme Court denied Mr. Trujillo's petition for writ of certiorari ((*id.*, Ex. H, *Order* (*Doc. 9-2*) at 67).

Third, Mr. Trujillo asserted on direct appeal that his sentencing was "fundamentally flawed" because it was "orally pronounced on September 1, 1999 . . . [but] not entered until July 11, 2002." *Id.*, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 23. He offered no further explanation in the *Docketing Statement* (*id.* at 23–24) or in his *Opposition to Proposed Summary Affirmance* (*id.*, Ex. E, (*Doc. 9-2*) at 50). The appellate court rejected this claim, noting that the failure to put the sentence into writing for three years was not a fundamental error because Mr. Trujillo was sentenced in open court to a time to be served consecutively to the sentence that he was serving at the time. *Id.*, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 53 (as further explained in *id.*, Ex. D, *Notice [of] Proposed Summary Disposition* (*Doc. 9-2*) at 35). The Supreme Court of the State of New Mexico, on May 24, 2007, denied Mr. Tujillo's petition for *writ of certiorari*. *Id.*, Ex. H, *Order* (*Doc. 9-2*) at 67.

Finally, on April 21, 2008, Mr. Trujillo, initially appearing *pro se*, but being appointed appellate counsel (*see **Petition**, undesignated exhibit, *Order* (*Doc. 1*) at 39), petitioned the state trial

court for a writ of habeas corpus on the ground that his trial counsel had been ineffective.[4]  *Id.*, Ex. B, *State Habeas Petition* (*Doc. 1*) at 29-38.  Mr. Trujillo claimed that his trial counsel "was terminal[ly] ill with cancer and required pain medicine and chemotherapy[, and] this put Mr. Trujillo['s] attorney under chronic stress and in fact Mr. Trujillo['s] attorney died shortly after trial and did not appeal."  *Id.* at 32.  On June 24, 2008, the trial court appointed counsel to Mr. Trujillo (*id.*, undesignated exhibit, *Order of Appointment* (*Doc. 1*) at 39) and allowed until July 14, 2008 for an amended habeas petition (***Response***, Ex. K, *Order Allowing Amended Petition and Order to Respond* (*Doc. 9-3*) at 11).  The record does not indicate whether an amended petition was filed by counsel, but it does show that an evidentiary hearing was held on June 19, 2009.  ***State Docket*** D-820-CR-98-00005 at June 19, 2009.  On July 14, 2009, the writ was denied because, *inter alia*, Mr. Trujillo "failed to meet his burden to show that [trial counsel] implemented a strategy that was clearly in error to establish ineffective assistance of counsel."  ***Petition***, Ex. A, *Order Denying Writ of Habeas Corpus* (*Doc. 1*) at 28.  Through counsel, Mr. Trujillo petitioned for a writ of certiorari on August 13, 2009.  *Id.*, undesignated exhibit, *Petition for a Writ of Certiorari to the Eighth Judicial District Court Judge Barbara Vigil* (*Doc. 1*) at 18-27.  The petition was denied.  *Id.*, undesignated exhibit, *Order* (*Doc. 1*) at 17.

## Standard of Review

Relief under 28 U.S.C. § 2254 is available to a person who is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Such a person must first exhaust all remedies available through the state courts.  28 U.S.C. § 2254(b)(1)(A).  If the claims contained in the § 2254 petition have been

---

[4] Mr. Trujillo also asserted undue prejudice from pretrial publicity, but because he has not proffered that claim here, it is irrelevant.  *See **Petition***, Ex. A, *Order Denying Writ of Habeas Corpus* (*Doc. 1*) at 28.

disposed of by the state courts on bases other than on the merits, the district court reviews the claims *de novo*. *Wilson v. Workman*, 577 F.3d 1284, 1290 (10th Cir. 2009). If the § 2254 claims, however, have been disposed of by the state court on the merits, the district court reviews them with the deferential standard prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, "AEDPA"): the writ may be granted only where the decision in the underlying state court proceeding is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2); *Fairchild v. Workman*, 579 F.3d 1134, 1139 (10th Cir. 2009). Generally, the § 2254 habeas petitioner bears the burden of proof. *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995); *Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009); *see* 28 U.S.C. § 2254(d)(1).

In his ***Petition*** (*Doc. 1*), Mr. Trujillo asserts that: **(1)** the trial court in his underlying criminal case erred in refusing to sever his assault charge from his other charges (*id.* at 5); **(2)** the state failed to present sufficient evidence to sustain one or more of his convictions (*id.* at 6, 8); **(3)** his sentence was "fundamentally flawed" (*id.* at 6); and **(4)** his trial counsel was constitutionally ineffective (*id.* at 6, 11). Respondents concede that Mr. Trujillo has exhausted his state court remedies. ***Response*** (*Doc. 9*) at 6, ¶ 9. The state court records submitted by Respondents evidence that the New Mexico state courts decided each of Mr. Trujillo's claims on the merits. *See **Response***, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 52–53 (severance of the charges, sufficiency of the evidence, and fundamentally flawed sentence); ***Petition***, Ex. A, *Order Denying Writ of Habeas*

Corpus (*Doc. 1*) at 28 (ineffective assistance of counsel).  The Court, therefore, applies the deferential AEDPA standard in its review of Mr. Trujillo's claims.[5]

## Analysis

Mr. Trujillo is incarcerated and is proceeding *pro se*.  **Petition** (*Doc. 1*) at 16.  In reviewing a *pro se* litigant's complaint, courts apply the same legal standards applicable to pleadings drafted by counsel but liberally construe the allegations.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him or her.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall*, 935 F.2d at 1110.  Because Mr. Trujillo is a *pro se* litigant, the Court construes his allegations in his **Petition** liberally.

### 1.  Severance of the Assault Count from the Other Counts

The entirety of Mr. Trujillo's first claim is: "Issue #1: Should the trial court have severed the assault count from the other counts[?]"  **Petition** (*Doc. 1*) at 5.  Although Mr. Trujillo's claim is posed in the form of a question, the Court liberally construes it to assert that failure of the trial court to sever the assault charge from his other charges violated his constitutional rights.  Mr. Trujillo offers nothing more than this assertion.  His **Petition** makes no reference to any other documents,

---

[5]  In his **Reply**, Mr. Trujillo urges that "[c]learly the (A.E.D.P.A.) does not apply here because Petitioner has followed all procedures governing (A.E.D.P.A.)."  *Document 11* at 6.  The Court finds this argument meritless because compliance with AEDPA does not preclude its application.

and none of the documents submitted with the ***Petition*** refer to this issue.

Respondents assert that this claim is barred because it is a "matter[] of state law and not a matter involving any federal constitutional right [and, therefore, f]ederal habeas review is barred." ***Response*** (*Doc. 9*) at 8.  In his ***Reply***, Mr. Trujillo sophisticatedly points out that his claim is not based on an error of state law but, rather, on "constitutional provisions."  *Document 11* at 7. Arguing essentially that the refusal to sever his charges violated his constitutional right to be free from self-incrimination, Mr. Trujillo's claim gets in the door but goes no further.  Mr. Trujillo has asserted no facts to support his conclusory allegation that his constitutional Fifth Amendment right was violated.  He has failed to meet his burden to show that the New Mexico Court of Appeals' decision on his severance claim was made in violation of,  or was contrary to,  clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  He has pointed to no law supporting his position.  Mr. Trujillo has done nothing more than baldly repeat the assertion that he repeatedly made to the state courts.  The Court is not persuaded and, therefore, recommends that this claim be denied.

### 2.  Sufficiency of the Evidence

The entirety of Mr. Trujillo's second claim is "Did the state fail to present sufficient evidence to sustain Mr. Trujillo's conviction[?]" ***Petition*** (*Doc. 1*) at 6.  Although Mr. Trujillo's claim is posed in the form of a question, the Court liberally construes it to assert that there was insufficient evidence to sustain at least one of Mr. Trujillo's convictions.  It is unclear whether Mr. Trujillo asserts insufficiency of the evidence on all the convictions or just one, and if he refers to only one, he does not indicate which one.

Section 2254(f) implicitly requires a petitioner challenging the sufficiency of the evidence to *identify* the portion(s) of the record that support(s) his claim.  Further, it suggests that, if the petitioner is able, he should *produce* those portions of the record that are pertinent to his claim.  *Id.*

11

Here, Mr. Trujillo has not only failed to produce the portion(s) of the record that would support his claim, more importantly, he has failed to describe or identify in any way how the evidence was insufficient.  Mr. Trujillo is proceeding *in forma pauperis*, which may indicate that he is unable to actually produce the record below, and § 2254 leaves room for such a situation.  He must, however, at a minimum, explain which conviction(s) he believes is(are) not supported by sufficient evidence and explain which elements of such conviction(s) was(were) not reasonably proved.  Mr. Trujillo's claim is unclear with respect to which conviction(s) he challenges, and it is conclusory and without any supporting factual averments whatsoever.  Although the Court has liberally construed his submissions, the Court cannot cross the line into the role of advocate for Mr. Trujillo.  The Court cannot sift through the record on Mr. Trujillo's behalf to piece together his claim.  Because the claim is conclusory and without supporting factual averments and because the Court cannot identify the specific conviction(s) that Mr. Trujillo challenges, the Court recommends that the claim be denied.

### 3.  *"Fundamental Flaw" in Sentencing*

Mr. Trujillo claims that his sentence was orally pronounced on September 1, 1999 but not entered until July 11, 2002 and was, thus, "fundamentally flawed."  ***Petition*** (*Doc. 1*) at 6. Mr. Trujillo does not elaborate further here, and his submissions before the state court are equally vague.  *See* ***Response***, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 23; *id.*, Ex. E, *Opposition to Proposed Summary Affirmance* (*Doc. 9-2*) at 50.

Respondents assert that this claim is barred because it is based on an error of state law.  *Id.* (*Doc. 9*) at 8.  In his ***Reply***, Mr. Trujillo beseeches the Court to consider the last two pages of the *J&S*.  *Document 11* at 4.  Both pages are nearly identical versions of the final page of the *J&S*. ***Response***, Ex. B, *J&S* (*Doc. 9-2*) at 9–10.  The first of these is signed only by the Senior Trial

12

Prosecutor. *Id.* at 9. The second is also signed by the Public Defender Department and by the State District Judge, and it contains a facsimile footer with the date July 10,[6] 2002. *Id.* at 10. Mr. Trujillo asserts that these pages are "fixed to fit the state[']s need & purpose," but he does not otherwise explain their significance. ***Reply*** (*Doc. 11*) at 4. He takes special care to point out the date but does not indicate why. The Court fails to see anything in these pages that supports Mr. Trujillo's claim.

When Mr. Trujillo presented this claim to the state court, it noted that at the time that Mr. Trujillo was orally sentenced, he was already serving another sentence, to which the sentence at issue here would run consecutively. ***Response***, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 53; *see generally, id.*, Ex. D, *Notice [of] Proposed Summary Disposition* (*Doc. 9-2*) at 35. Like the state court, this Court fails to see any "fundamental flaw." Mr. Trujillo fails to meet his burden to show that his sentencing was contrary to clearly established federal law, and this Court therefore, recommends that this claim be denied.

### 4. Ineffective Assistance of Counsel

Mr. Trujillo asserts that his trial counsel was constitutionally ineffective as evidenced by the fact that the attorney was ill during the trial and died afterward but before filing an appeal. ***Petition*** (*Doc. 1*) at 6. Mr. Trujillo complains that the attorney (A) "never . . . appeal[ed his] criminal conviction" (*id.* (emphasis in original)) and (B) did not "present all facts of the case" or "call all known witnesses" (*id.*).

To prevail on his ineffective assistance of counsel claims, Mr. Trujillo must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688.

---

[6] Mr. Trujillo asserted in his ***Reply*** that the date was July 1, 2002 (*Document 11* at 4), but it is, in fact, July 10 (***Response***, Ex. B, *J&S* (*Doc. 9-2*) at 10).

Second, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The Court begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 446 U.S. at 689).  "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 446 U.S. at 689 (quotation marks and citations omitted).

Mr. Trujillo's ***Reply*** indicates that he has a fundamental misunderstanding in this area and it merits some exploration.  In the ***Reply***, Mr. Trujillo states that "no one can for sure & with clearity [sic] say that [counsel's illness] didn't have an outcome on the verdict." *Document 11* at 3 (emphasis in original).  Furthermore, he points out that Respondents neither denied that the trial attorney was ill nor argued that he was competent. *Id.*  Both observations are true, but neither is legally consequential because Mr. Trujillo himself bears the burden of proving the claim.  Respondents are not saddled with arguing that the attorney was competent because the Court presumes his competence.  Mr. Trujillo is the one who is charged with proving not only that his attorney's performance was unreasonable, but also that such performance adversely affected the outcome of his case.  He does neither and, therefore, the Court recommends that this claim be denied for the reasons set forth below.

### A.  Mr. Trujillo Was Not Prejudiced by His Trial Counsel's Failure to Timely Appeal His Convictions

The state courts were sympathetic to Mr. Trujillo's position when his attorney passed away before directly appealing his conviction, and they permitted his late appeal. ***Response***, undesignated exhibit, *Order Granting Writ of Habeas Corpus* (*Doc. 9-2*) at 28.  Mr. Trujillo was represented by

counsel for the appeal[7] (*id.*, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 12), and the New Mexico Court of Appeals ruled on the merits of each claim (*id.*, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 51-53).  Because Mr. Trujillo eventually got his appeal,[8] which was decided on the merits, he can show no prejudice resulting from his trial counsel's unfortunate passing and the consequently missed appeal deadline.

Mr. Trujillo also asserts that it is "rare" for a state court to find that trial counsel was ineffective, thereby implying that the Court should not defer to the state court findings and decisions as required by AEDPA.  *Reply* (*Doc. 9*) at 6–7.  This logic is curious considering that Mr. Trujillo himself previously secured a writ of habeas corpus based on ineffective assistance of counsel.  ***Response***, undesignated exhibit, *Order Granting Writ of Habeas Corpus* (*Doc. 9-2*) at  28.  Even if he had been able to show that it is rare for the writ to be granted on grounds of ineffective assistance of counsel, the deference to state court findings prescribed by AEDPA would not be displaced.  Because Mr. Trujillo has failed to show any prejudice, his claim does not meet the *Strickland* test.  The Court, therefore, recommends that this claim be denied.

### B.   Trial Counsel's Failure to "Present All Facts" and to "Call All Known Witnesses," Even if True, Does Not Constitute Ineffective Assistance

Mr. Trujillo also claims that his attorney was ill and, therefore, did not "present all facts" or call "all known witnesses."  ***Petition*** (*Doc. 1*) at 6.  "All" facts are never presented in a criminal trial

---

[7]  Mr. Trujillo, in his ***Reply***, emphatically denies ever having any contact with attorney Alan Maestas. *Document 11* at 4–5.  To the extent that this is related to his ineffective-assistance-of-counsel claim, it is irrelevant because Mr. Trujillo was represented on appeal by John Bigelow.  *See **Response***, Ex. C, *Docketing Statement* (*Doc. 9-2*) at 11.

[8]  Mr. Trujillo claims that he saw the *J&S* for the first time on October 29, 2009.  He concludes: "how could Petitioner respond or appeal his judgement & sentence with out [sic] the [necessary] documentation needed to proceed under (2254)." *Reply* (*Doc. 11*) at 5.  To the extent that he is claiming that he was not able to appeal his conviction, the Court rejects the claim because the evidence of record shows that he did, in fact, appeal his convictions.  *See **Response***, Ex. F, *Memorandum Opinion* (*Doc. 9-2*) at 51-53.

because the rules of evidence carefully filter out the facts that are relevant, reliable, and helpful to the jury, leaving the rest out of the trial.  *See generally*, NMSA 1978, § 11-102 (explaining that the New Mexico Rules of Evidence should aid in fairness, eliminating unjustifiable expense and delay, encourage the growth of the law, and ultimately bring out truth and secure justice).  Moreover, "the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir.2008).

Mr. Trujillo has failed to meet his burden of showing that the state court's denial of his petition for a writ of habeas corpus based on ineffective assistance of trial counsel was contrary to clearly established federal law.  Mr. Trujillo's present claim meets neither prong of *Strickland*. Assuming *arguendo* that everything that Mr. Trujillo claims regarding his trial attorney is true, his claim still fails.  Even assuming that his trial counsel was sick during the trial and that his sickness caused him to fail to present "all facts" and to fail to call "all known witnesses," none of which Mr. Trujillo has shown, the *Strickland* test is still not met.  These would neither constitute unreasonable performance nor evidence prejudice.  In fact, Mr. Trujillo does not even allege that the outcome of his trial could have been different if all facts had been presented or if all witnesses had been called.  He fails to say what the evidence would have shown or what the witnesses would have said that would have yielded a different outcome.  His conclusory allegations are not enough. The Court, therefore, recommends that this claim be denied.

## Conclusion

For the foregoing reasons, the Court finds that relief is not warranted on Mr. Trujillo's claims.  He has failed to establish that the adjudication of his claims on the merits in the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the

16

decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. §§ 2254(d)(1)-(2).  Therefore, the Court recommends that this case be dismissed with prejudice and that Mr. Trujillo's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** (*Doc. 1*) be denied.

## <u>RECOMMENDED DISPOSITION</u>

The Court recommends that Mr. Trujillo's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** (*Doc. 1*) be denied be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

17