IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE A. TRUJILLO,

      Petitioner,

      v.                                                                No. CIV 09-0914 JB/LAM

ERASMO BRAVO, Warden,
and GARY KING,
Attorney General of the State of
New Mexico,

      Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 8, 2010 (Doc. 15)("PF&RD"). On January 22, 2009, Petitioner Jose A. Trujillo filed Petitioner[']s Objections to Magistrate Judge[']s [P]roposed Findings and Recommended Disposition (Doc. 16)("Objections"). Within his Objections, Trujillo also requests appointment of counsel and leave to amend his original Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 18, 2009 (Doc. 1) ("Petition"). See Objections at 1-6, 8, 10-11. Respondents Erasmo Bravo and Gary King did not file any objections to the PF&RD, nor did they respond to Trujillo's Objections, his requests for counsel, or his request for leave to amend his original Petition. The deadlines for such objections and responses have passed. The Court has conducted a de novo review of those portions of the PF&RD to which Trujillo objects and finds that the Objections lack a sound basis in law or fact. Accordingly, the Court will: (i) overrule Trujillo's Objections; (ii) deny Trujillo's request for leave

to amend his original Petition as futile; (iii) adopt the PF&RD; (iv) deny Trujillo's Petition; (v) deny Trujillo's request for appointment of counsel as moot; and (vi) enter a judgment dismissing this case with prejudice.

## ANALYSIS

Trujillo's Objections to the PF&RD raise the following issues: (i) whether Judge Martinez applied the proper standard of review; (ii) whether Judge Martinez considered the proper documents in addressing the issue of the severance of the assault charge from the other charges; (iii) new issues raised for the first time in the Objections; and (iv) whether new information about additional witnesses alters Judge Martinez' consideration of the issue of ineffective assistance of counsel. In his Objections, Trujillo also requests leave to amend his Petition, outlining his proposed amendments, see Objections at 2, and requests the appointment of counsel to assist him with his amendments (Objections (Doc. 16) at 10–11). The Court has conducted a *de novo* review of the PF&RD to which Trujillo objects, and, because the Court finds that they lack a sound basis in law or fact, the Court will overrule Trujillo's objections.

### I.     JUDGE MARTINEZ APPLIED THE PROPER STANDARD OF REVIEW.

Trujillo repeatedly asserts in his Objections that the Magistrate Judge "failed her duty to review the complete record to determine if [the state] court made a proper determination on the issues." Objections at 4. See id. at 8-9. To the extent that Trujillo believes that the Court's duty is to double-check every procedure, finding, and ruling made by the state courts in search of possible impropriety, he is incorrect. Trujillo bears the burden of putting forth the specific claims that he believes merit relief under 28 U.S.C. § 2254. In other words, Trujillo must identify how the judgment on which he is incarcerated violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254 R. 2(c)(1). Furthermore, Trujillo himself must also put forth specific evidence

to support his claims.  See 28 U.S.C. § 2254 R. 2(c)(2); Garlotte v. Fordice, 515 U.S. 39, 46 (1995); Reber v. Steele, 570 F.3d 1206, 1209 (10th Cir. 2009).  See also 28 U.S.C. § 2254(d)(1)(outlining the prerequisites for granting a writ of habeas corpus).  The Honorable Lourdes A. Martinez, United States Magistrate Judge, liberally construed Trujillo's claims because he is proceeding pro se. See PF&RD at 10 (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In reviewing the claims, she applied the deferential standard of review outlined in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):  "[T]he writ may be granted only where the decision in the underlying state court proceeding is . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." PF&RD at 9 (quotation marks and citations omitted).  Judge Martinez used the proper standard of review for Trujillo's claims.  See PF&RD at 9-10.  To the extent that Trujillo objects to the standard of review in the PF&RD, such objection is overruled.

## II.    TRUJILLO FAILS TO DEMONSTRATE THAT THE STATE COURT'S DECISION TO DENY SEVERANCE OF HIS CLAIMS WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW.

Trujillo's apparent misunderstanding of the standard of review appears to give rise to his second objection, which is related to his severance claim.  Trujillo objects to Judge Martinez' finding that none of the documents filed with his Petition reference the severance claim. See Objections at 8.  Indeed, Judge Martinez found that the severance claim consisted solely of Trujillo's assertion that it was unconstitutional for the trial court to deny his motion to sever his assault charge from his other charges.  See PF&RD at 10-11.  In his Objections, Trujillo argues that his Petition "did make reference to documents by way of his writ of []Certiorari[], and on his direct appeal and his state habeas petition[,] all [of] which was [sub]mitted to this Honorable Court." Objections at 8.  Along with his Petition, Trujillo submitted a copy of his petition for writ of

certiorari to the Supreme Court of New Mexico on his state habeas claim as well as that court's denial of the writ of certiorari. See Petition at 17-26. Neither submission, however, substantively addressed his severance claim. Rather, they addressed only Trujillo's ineffective-assistance-of-counsel claim. With his Petition, Trujillo also submitted his state-court habeas petition, the order denying that petition, and the state-court judgment and sentencing order -- none of which reference the severance claim. See Petition at 27-48.

The Court also reviewed Trujillo's direct appeal submissions, which the Court notes the Respondents, not Trujillo, submitted. See Respondents' Answer to Petition for Writ of Federal Habeas Corpus, Ex. C at 11-27, filed October 27, 2009 (Doc. 9-2); Answer Ex. D at 30-36; Answer Ex. E at 37-50; Answer Ex. F at 51-53. Judge Martinez did not construe the direct appeal documents as a part of Trujillo's Petition because he neither submitted them nor referenced them in his Petition. Trujillo's Petition contains no assertions or explanations regarding how the trial court's denial of Trujillo's request for severance was contrary to or involved an unreasonable application of clearly established federal law. See Petition at 5 ("Should the trial court have severed the assault count from the other counts[?]"). In his Reply, Trujillo argued that his severance claim was based on "constitutional provisions," see Petitioner[']s Motion Reply and Objections at 7, filed November 3, 2009 (Doc. 11), which Judge Martinez construed as an argument that the state court's denial of severance of his charges violated his Fifth Amendment right to be free from self-incrimination, see PF&RD at 11. In the direct appeal documents the Respondents submitted, Trujillo's state appellate counsel Karl Martell explained that at trial, after voir dire, Trujillo's trial counsel, Ron Koch, moved to sever Trujillo's assault charge from his other counts so he could testify about the facts surrounding the alleged assault. See Answer Ex. C at 13-14. The motion was denied because the court determined that the events arose in a continuous flow from the time the

officers arrived at Trujillo's home and because the jury would be confused by the severance, as they had already heard about Trujillo and the firearm in voir dire. See Answer Ex. C at 14. At the close of the State's case, Mr. Koch suggested to the court two alternatives: (i) allow Trujillo to testify to only the assault count; or (ii) sever the assault count for a separate trial. See Answer Ex. C. at 19. Mr. Koch made a proffer in support of his request, arguing that Trujillo would testify that he believed there was an assassination plot on his life and that he would explain that he pointed a firearm at the officers that entered his home because they were "all dressed like ninjas" and he feared for his life. Answer Ex. C at 20. The renewed motion was denied.

On appeal to the New Mexico Court of Appeals, Trujillo argued that failing to sever the assault count denied him the ability to present a defense without having to resort to invoking his Fifth-Amendment rights against self-incrimination in front of the jury. See Answer Ex. C at 22. The New Mexico Court of Appeals in its Proposed Summary Disposition explained that when a defendant seeks to sever charges because he wants to testify on one count and not the others, he needs to make "a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testify on the other." Answer Ex. D at 31 (quoting State v. Foye, 100 N.M. 385, 388, 671 P.2d 46, 49 (Ct. App. 1983)). The New Mexico Court of Appeals therefore proposed to affirm the trial court, finding that simply because Trujillo wanted to present evidence of self-defense on the assault charge and did not want to testify to the remaining drug charges was not a sufficient ground for severance because Trujillo did not establish that he would be prejudiced by having the charges tried together. See Answer Ex. D at 32-33. The New Mexico Court of Appeals stressed that Trujillo testifying on one count would not have waived his right to exercise his Fifth Amendment privilege on the other counts. See Answer Ex. D at 32. In response to the Proposed Summary Disposition, Trujillo argued that he would have had important testimony

to give to show that he thought the police raid was an attack by a person attempting to kill him, and that he had a strong need to not testify about the drugs on his person and throughout the house, and therefore the trial court abused its discretion in not severing the counts for trial. See Answer Ex. E at 48. The New Mexico Court of Appeals found that Trujillo did not make a convincing showing that he had important testimony to give on one count and a strong need to refrain from testifying on the other, and found that, although the contrast between testifying on one count and asserting his Fifth Amendment privilege on others may cause some prejudice, it did not rise to the level sufficient to find a basis for severance. See Answer Ex. F at 52.

Both Trujillo and the New Mexico Court of Appeals agreed upon the proper standard for determining if severance is appropriate:

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information -- regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other -- to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying

Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968); quoted with approval in State v. Foye, 100 N.M. 285, 388, 671 P.2d 46 (Ct. App. 1983). See Answer Ex. D at 31 (Court of Appeals Proposed Summary Affirmance); Answer Ex. E at 47-48 (Trujillo's Memo. in Opposition to Proposed Summary Affirmance). In its April 10, 2007 Memorandum Opinion, the New Mexico Court of Appeals applied this standard:

> In our notice, we proposed to hold that Defendant had not made an adequate showing to support his motion to sever the aggravated assault charge from the other charges. Defendant continues to argue that he had a strong need to testify on one charge, but not the others. That, he contends, was sufficient to support severance. However, as we pointed out in our notice, simply because Defendant wanted to present self-defense on the aggravated assault charge and did not want to testify on the drug

>related charges does not state a case for severance. State v. Foye, 100 N.M. 385, 387, 671 P.2d 46, 48 (Ct. App. 1983). As the trial court pointed out, the request for severance was made after voir dire after the jury had already heard about Defendant and his firearm. There was a strong potential for the jury to be confused. Further, there was nothing keeping Defendant from testifying on one count and asserting his privilege on the other counts. While this contrast might cause some prejudice, this is not a basis for severance. State v. Blakely, 90 N.M. 744, 747, 568 P.2d 270, 273 (Ct. App. 1977). We hold that Defendant did not make a convincing showing that he had important testimony to give on one count and a strong need to refrain from testifying on the other. Therefore, the trial court did not abuse its discretion in refusing to sever the first count from the remaining counts.

Answer Ex. F at 52.

Under 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue for any claim adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented" in state court, 28 U.S.C. § 2254(d)(2). Trujillo bears the burden of showing the Court how the denial of his request for severance violated the Constitution or clearly established federal law and he has not done so. The Court's role is not to act as Trujillo's attorney by sifting through the state-court pleadings to find arguments and evidence to construct an argument that the state court's decision not to sever was contrary to clearly established federal law, see 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts in light of the evidence presented, see 28 U.S.C. § 2254(d)(2). Moreover, based upon the Court's review of the record of the direct appeal submitted, the Court does not discern any indication that the state district court's denial of severance or the New Mexico Court of Appeals' reasoning in affirming the district court was "contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1). It appears to the Court that the New Mexico Court of Appeals reasonably applied federal law. The Court cannot say that the state court applied the

wrong law or made an unreasonable determination based upon the facts. The Court's task, under 28 U.S.C. § 2254(d), is not to determine whether it would have reached a different conclusion. See Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(stating that "§ 2254(d)'s highly deferential standard for evaluating state-court rulings . . . demands that state court decisions be given the benefit of the doubt")(internal quotation and citation omitted); Williams v. Taylor, 529 U.S. 362, 386 (2000) (stating that "AEDPA plainly sought to ensure a level of deference to the determinations of state courts"). The Court, therefore, overrules Trujillo's objection.

## III.   NEW CLAIMS RAISED IN OBJECTIONS ARE DEEMED WAIVED.

In his Objections, Trujillo appears to confuse Judge Martinez' PF&RD with his own petition for writ of certiorari in his state habeas claim, which his attorney wrote. See Objections at 6. Furthermore, he is not entirely clear about his objection:

> On page #5 reference to by the Magistrate she states [foot]note[] 2 on the bottom that although '<u>not on record</u> at the hearing, the District Attorney who tried the case against Mr. Koch said that Mr. Koch did interview all the witnesses. This is not true and that which is not on record can not [sic] be used in post-conviction proceedings, see writ of Certiorari, as, (Exhibit B) in its entirety in support.
>
> *Take note: ONLY THE STATE can provide record, Petitioner can not [sic], and this issue must be resolved.

Objections at 6 (emphasis by Trujillo).

A correction is in order. The footnote that Trujillo cites is not part of the PF&RD; rather, it is found in his petition for writ of certiorari on his state habeas claim. See Petition for Certiorari on State Habeas Claim at 22, n. 2 (Doc. 1). Nevertheless, it appears that Trujillo is objecting to the state trial court's consideration of evidence that was not part of the record at the evidentiary hearing held in connection with his state habeas petition. Trujillo argues that evidence which is not on the record cannot be used to deny his state habeas petition. To the extent that is his objection, the Court

overrules the objection for two reasons. First, this claim was not included in his original Petition, so it is waived. See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Because Trujillo's theory that the state trial court improperly considered certain evidence in denying his state habeas petition appears for the first time in his Objections, it is deemed waived.

Second, even if the Court grants Trujillo leave to amend his Petition to include the claim, such an amendment would be futile. Rule 15(a) of the Federal Rules of Civil Procedure requires that the court "freely give leave when justice so requires" unless it would be futile to do so. See United States v. Ohiri, No. 03-2239, 133 Fed. Appx. 555, 559 (10th Cir. June 7, 2005)(unpublished)(stating that leave to amend may be denied when amendment would be futile)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). To the extent that Trujillo requests leave to amend his Petition to include this claim, the request is denied as futile. Even if the Court permitted Trujillo to amend his original Petition to include this new claim, it would fail. The excerpt above from Trujillo's Objections states no colorable claim under § 2254. Trujillo has presented nothing more than a footnote in a pleading below that reflects his former appellate attorney's conjecture. Even if Trujillo had offered evidence to support his claim, which he has not, it would still be futile, because he has failed to explain how the state court's consideration of certain evidence would constitute a violation of federal law. The Court will not grant Trujillo leave to add a futile claim to his Petition. Trujillo also objected to Judge Martinez' finding in the PF&RD regarding his insufficiency-of-the-evidence claim. The PF&RD recommends that the Court deny the claim because it is conclusory and so vague that the Court could not even identify which conviction or convictions Trujillo challenged, much less which

element of such crimes he did not believe the State of New Mexico proved. See PF&RD at 12. In an effort to cure this defect, Trujillo offers in his Objections: "Did any officer testify that they were in fear? If not[,] th[e]n []no jury could have found this element." Objections at 5.

The Court liberally construes this question and statement to refer to his assault conviction, and to assert a claim that, because no officer testified that he was in fear, no jury, therefore, could have found that the officer was in fear, which is a necessary element of the crime. The Court rejects this argument, which was not raised in his Petition, because it is waived, and to the extent that Trujillo requests to amend his original Petition to include it, the request is denied as futile. First, because Trujillo raises this theory for the first time in his objections to the PF&RD, it is waived. See United States v. Garfinkle, 261 F.3d at 1031; Marshall v. Chater, 75 F.3d at 1426. Second, Trujillo's request to amend his original Petition to include this theory is denied as futile. Even if the Court permitted the amendment, it would fail because Trujillo has failed to show how the state appellate court's finding that the evidence supported his assault conviction violated a clearly established federal law. See 28 U.S.C. § 2254(d)(1). Trujillo does nothing more than assert that no officer testified that he was in fear. He offers no evidence to support his claim that no officer so testified, but more importantly, there is evidence that flatly contradicts his claim. The New Mexico Court of Appeals recounted that one of the officers testified that, when he entered Trujillo's home, he saw Trujillo pointing a firearm at the officer's head and squeezing the trigger. See Answer Ex. D at 34 (Doc. 9-2). The New Mexico Court of Appeals held that this evidence was sufficient for a jury to infer that the officers were in fear of being shot. See Answer, Ex. F at 52. Assuming, without concluding, that Trujillo has shown that no officer expressly testified that he was in fear, which he has not, his claim would still fail, because he has not shown how the New Mexico Court of Appeals decision, which recognized that the jury could have inferred the officer's fear from the testimony

presented, violated a clearly established federal law.  The Court, therefore, overrules Trujillo's objection regarding his insufficiency-of-the-evidence claim because it is untimely and waived, and the Court will not grant him leave to amend his Petition to include it because to do so would be futile.

## IV.     THE NEW INFORMATION TRUJILLO ASSERTS IN HIS OBJECTIONS FAILS TO DEMONSTRATE INEFFECTIVE ASSISTANCE OF COUNSEL.

In his Objections, Trujillo offers new information to supplement his claim that his trial counsel was ineffective for failing to call three witnesses, and he appears to request leave to amend his Petition to include this information.  See Objections at 7-9.  Trujillo contends that three witnesses should have been called because they were "with [him] in direct confrontation when the officers broke down the door to [his] house[. H]ad these witnesses been allowed to testify[,] they would have risen [sic] doubt as to the charge of assault on a peace officer."  Objections at 8. Specifically, Trujillo states that Gilbert Romero would have testified favorably about the undercover drug sale to Officer Manuel Trujillo, and that Genevive Maestas, Marc Marcus, and Melinda Tafoya would have testified that Trujillo did not point the gun at the officers.  See Objections at 2-4.

To prove ineffective assistance of counsel, Trujillo must satisfy both prongs of the test established in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, he must show that his counsel's performance "fell below an objective standard of reasonableness."  466 U.S. at 688. Second, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  The Court begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  United States v. Taylor, 454 F.3d 1075, 1079 (10th Cir. 2006)(quoting Strickland v. Washington, 446 U.S. at 689).  "[T]hat is, the defendant must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 446 U.S. at 689 (quotation marks and citations omitted). Furthermore, "the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008).

The Court finds that the new information asserted in his Objections does not demonstrate ineffective assistance of counsel. First, Trujillo's assertion that his trial attorney was ineffective because he failed to call Romero as a witness is unpersuasive. Trujillo has not explained how Romero's testimony would have made any difference to the outcome of his trial, and, therefore, his attorney could not have been remiss in failing to call Romero. Trujillo, in his Objections, contends that Romero

> would have testified that he did not give (Manny Trujillo) the police officer from Espanola a gram of cocaine or that he even knew him. Manny testified that he gave Jose Trujillo $100.00 one hundred doll[a]rs, and that Jose Trujillo sent Manny Trujillo to Gilbert Romero's house for the purchase of a gram of cocaine, "this is totally false and the state along with counsel never issued a (subpoena)[] for Gilbert Romero[.] Gilbert Romero was never arrested, he was the one who actually gave the (cocaine) to officer (Manny Trujillo), and not Jose Trujillo. Take special note (Manny Trujillo from Espanola died from a cocain[e] over-dose in early 2000.

Objections at 2 (emphases in original). Trujillo fails to show that Romero would have testified to this information. He offers nothing more than his own statement that Romero would have so testified. See Objections at 2. He has presented no affidavit from Romero. Further, even if Trujillo could prove that Romero would have so testified, he still fails to show how it would have made any difference to the outcome of his trial. He does not explain how this testimony would have affected the verdict. He, therefore, fails to show how he was prejudiced by his attorney's failure to call Romero.

In his Objections, Trujillo also argues that, if called, Maestas, Marcus, and Tafoya would have testified that they were present when the police officers entered Trujillo's home and that Trujillo did not point the gun at the officers. See Objections at 2-3. As with Romero, Trujillo fails to show that any of these witnesses would have testified as he contends, and he offers no affidavits or other evidence from the witnesses themselves to support his contention. More importantly, however, even if he could prove that they would have so testified, he has not established either prong of Strickland v. Washington. The Tenth Circuit has held that the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney. Boyle v. McKune, 544 F.3d at 1139; United States v. Miller, 643 F.2d 713, 714 (10th Cir. 1981)("Whether to call a particular witness is a tactical decision and, thus, a matter of discretion for trial counsel."). Although the witnesses Trujillo identified in his Objections may have provided helpful testimony on direct examination to "change[] the jur[y's] minds and raise[] doubt as to the assault charge on a police officer," Objections at 4, the information about the drug charges the prosecutors could potentially have elicited could have been significantly damaging for Trujillo's case. The Court concludes that Trujillo has not demonstrated that his counsel's failure to call additional witnesses was objectively unreasonable, and overrules his objection.

In conclusion, upon careful *de novo* consideration of the record in this case, the PF&RD, and Trujillo's Objections to the PF&RD, the Court finds that all of his objections lack a sound basis in law or facts. The Court will therefore (i) overrule Trujillo's Objections; (ii) deny Trujillo's request for leave to amend his original Petition as futile; (iii) adopt the PF&RD; (iv) deny Trujillo's Petition; (v) deny Trujillo's request for appointment of counsel as moot; and (vi) enter a judgment dismissing this case with prejudice.

**IT IS ORDERED** that: (i) Petitioner Jose Trujillo's objections contained in his Petitioner[']s Objections to Magistrate Judge[']s Proposed Findings and Recommended Disposition (Doc. 16) are overruled; (ii) Trujillo's request for leave to amend his original Petition is denied; (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 15) are adopted; (iv) Trujillo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied; (v) Trujillo's request for appointment of counsel is denied as moot; and (vi) the case is dismissed with prejudice in a final judgment filed concurrently with this order.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jose A. Trujillo
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

        *Petitioner Pro Se*

Gary K. King
   Attorney General for the State of New Mexico
Margaret McLean
   Assistant Attorney General for the State of New Mexico

        *Attorneys for the Respondents*